Judge Ewing

delivered, the Opinion of the Court.
If the slaves in contest were sent to Mrs. Gregg by her father, on her marriage, as a gift, then the absolute title vestepl in her husband, and they were subject to his debts. If they were sent as a loan, and afterwards a deed of gift made to her for life, with remainder over to her issue, then as the possession under the loan and gift together, before the Death of Mrs. Gregg, exceeded live years, and neither the evidence of the loan or gift was recorded, they were also subject to her husband’s debts. And without determining whether a subsequent notorious change of possession, from the father to the child, and a distinct, and notorious and exclusive possession in the child, separate and apart from the father, might or might not be good against subsequent creditors, whose debts were contracted, not upon the faith of the slaves, nor of their possession, with the father, as the possession had continued for more than five years with the father as ostensible owner, without record of any deed evidencing the loan or remainder, and afterwards in fact continued with him, ostensibly in the same way, until the debts were contracted, we cannot doubt that they were subject to the payment of his debts, whether contracted before or after the death of his wife.
Judgment affirmed with costs.